JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Joey Johnson ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 {¶ 2} According to the case, appellant was indicted by the Cuyahoga County Grand Jury in Case No. 465748 for domestic violence, pursuant to R.C. 2919.25, a felony of the fourth degree by operation of the furthermore clause, including appellant's prior conviction for domestic violence in Cleveland Municipal Court Case No. 1998 CRB 017147. On October 24, 2005, appellant waived his right to a jury trial, and a bench trial commenced. Appellant moved for acquittal, pursuant to Crim.R. 29, at the close of the state's case and at the close of appellant's case. This motion was denied at both junctures. Trial concluded the same day, appellant was found guilty, and he was sentenced to six months at the Lorain Correctional Institution. This appeal now follows.
 {¶ 3} According to the facts, appellant stipulated to having been convicted of domestic violence in regard to the furthermore clause. Patrice Wilson, who has been working in dietetics for the past seven years at the V.A. Medical Center, testified that appellant is the father of her son, Jalen, which is acknowledged on Jalen's birth certificate. Wilson has known appellant for approximately nine years, lived together for about a year, and then lived together again when she was pregnant.
 {¶ 4} Wilson testified that around 11:00 p.m. on April 9, 2005, she was in her car with appellant driving when they began to argue. Appellant broke the car key which was in the ignition at the time. Wilson testified that she and appellant had spent the evening drinking alcoholic beverages with family and friends prior to the argument. Appellant told Wilson that he broke the key accidentally. Wilson got angry, and she then exited the vehicle. Appellant got back in the car and used what remained of the key to drive the vehicle and follow her. Wilson sat down on the sidewalk by a wall and refused to get back in the car with appellant.
 {¶ 5} Appellant told Wilson that she was lucky he was not the "old him," and that "he would do some things if it was the old him," and that if he was the "old him," he would probably kill her.[1] Appellant approached Wilson and began kicking her legs, telling her to get up as she put her arms in front of her legs, and appellant "snatched [her] up" again. Wilson testified that the kicking was painful.
 {¶ 6} Detective John Freehoffer of the Cleveland Police Department testified that he has investigated over 1,000 domestic violence cases as a domestic violence unit detective. Detective Freehoffer interviewed Wilson on April 10, 2005 and took photographs of her visible injuries. He testified that he was assigned to investigate this case and that based on his experience, he "absolutely" believed what the victim told him that night.
 {¶ 7} Appellant agreed that he has a lengthy criminal record and was last incarcerated from "2001 to 04, March." Appellant acknowledged and/or volunteered that he was convicted of two counts of felony of the fourth degree, menacing by stalking, in 2001, felony of the fourth degree, aggravated assault, that he was in jail from 1998 to 2000 for a domestic violence conviction, and was convicted of felony of the third degree, drug abuse, in Case No. CR 334201.
 I. {¶ 8} Appellant's assignment of error states the following: "The evidence was insufficient to support a conviction for domestic violence."
 II. {¶ 9} With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6th Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45,102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 10} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 11} R.C. 2919.25, domestic violence, provides the following:
"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
"(B) No person shall recklessly cause serious physical harm to a family or household member.
"(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.
"(D)(1) Whoever violates this section is guilty of domestic violence.
"* * *
"(3) Except as otherwise provided in division (D)(4) of this section, if the offender previously has pleaded guilty to or been convicted of domestic violence, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to domestic violence, a violation of section 2903.14, 2909.06, 2909.07,2911.12, 2911.211 [2911.21.1], or 2919.22 of the Revised Code if the victim of the violation was a family or household member at the time of the violation, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to any of those sections if the victim of the violation was a family or household member at the time of the commission of the violation, or any offense of violence if the victim of the offense was a family or household member at the time of the commission of the offense, a violation of division (A) or (B) of this section is a felony of the fourth degree, and a violation of division (C) of this section is a misdemeanor of the second degree."
 {¶ 12} R.C. 2919.25(A) provides as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." "Knowingly," is defined in R.C. 2901.22(B) as follows:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 13} To determine whether appellant acted "knowingly," his state of mind must be determined from the totality of circumstances surrounding the alleged crime. State v. Cureton,
Medina App. No. 01CA3219-M, 2002-Ohio-5547, citing State v. Dorsey (Feb. 13, 1991), Lorain App. No. 90CA004796.
 {¶ 14} Although appellant argues that he kicked Wilson accidentally or just kicked her to get her up, the totality of the circumstances suggest otherwise. Appellant testified that he and Wilson argue a lot and were doing so on the day in question. There was also a stipulation that appellant had a prior conviction of domestic violence.
 {¶ 15} Appellant knew Wilson was upset about the broken ignition key and agreed that he abruptly grabbed her by the arm and kicked her repeatedly. Appellant does not dispute that he tried to force Wilson to get up by repeatedly kicking her, causing her pain and discomfort. Although appellant claims that he kicked Wilson only to get her to comply with his demands, to "get up," he agrees that he kicked her. Indeed, the hospital records admitted into evidence detail the injuries Wilson sustained and provide details regarding her pain and discomfort. Simply because appellant argues that he only kicked the victim in order to get her to "get up" does not render the kick an accident or one that was done unknowingly under R.C. 2901.22(B).
 {¶ 16} Appellant argues that he did not intend to cause Wilson physical harm and that the purpose of the kicks were to get her to comply with his demands. However, appellant's argument is without merit. The fact remains that appellant did kick, grab, and bruise Wilson. Thus, the trial court did not err in finding that appellant knowingly caused physical harm to Wilson.
 {¶ 17} In sum, appellant's own testimony corroborating that he kicked Wilson, Wilson's testimony regarding the resultant pain and visible injuries, the photographs taken, the testimony of Detective Freehoffer, and the medical records all constitute sufficient evidence that appellant knowingly caused or attempted to cause Wilson physical harm.
 {¶ 18} Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, P.J., and Michael J. Corrigan J., concur.
[1] Tr. 31.